## Dulsa R. PULCHER *v.* UNIVERSITY OF ARKANSAS, ARKANSAS INSURANCE DEPARTMENT, PUBLIC EMPLOYEE CLAIMS DIVISION

CA 82-222                                    639 S.W.2d 367

Court of Appeals of Arkansas
Opinion delivered September 22, 1982

*James F. Miller,* for appellant.

*Jerry G. James,* Public Employee Claims Division, Arkansas Insurance Department, for appellee.

LAWSON CLONINGER, Judge. In this workers' compensation case appellant, Dulsa R. Pulcher, contends that her husband, Frank Pulcher, now deceased, suffered a compensable injury while working as a custodian for appellee, the University of Arkansas. The Arkansas Workers' Compensation Commission found that appellant had failed to meet her burden of proof by a preponderance of the evidence.

The issue on appeal is not whether this court would have reached the same result as the Commission, or whether the record would have supported a finding contrary to the one made, but rather the issue is whether the record supports the finding which the Commission did make. *Herman Wilson Lumber Company* v. *Hughes,* 245 Ark. 168, 431 S.W.2d 487 (1968).

When we view the record in the light most favorable to the decision of the Commission, which we must do on appeal, we must hold that there is substantial evidence in the record to support the conclusion of the Commission.

Mr. Pulcher worked as a custodian in Ozark Hall, and arrived for work at 5:00 p.m. on June 27, 1980. At 7:00 p.m. he was observed by a co-worker sitting in the supply room drinking coffee and rubbing his head. In response to questions, Mr. Pulcher said that he had taken aspirins for a headache, and that he had not fallen or bumped his head. At 7:30 p.m. Mr. Pulcher was seen by another co-worker on the second floor of the Science Engineering Building, across the street from Ozark Hall, staggering and holding onto a water fountain. He stated that he wanted to use the phone which was located in the office and was there for the workers to use.

Mr. Pulcher's co-workers believed he had a heart attack and they attempted to revive him with CPR. After some delay an ambulance was called and Mr. Pulcher was taken to a hospital. His condition was diagnosed as an Acute Subdural Hematoma. Surgery was performed to remove the hematoma and clip a bleeding artery. Mr. Pulcher died on October 4, 1980, without regaining consciousness.

Dr. Vincent B. Runnels, who performed the surgery, testified that Mr. Pulcher died as a result of a fall, and ruled out a heart attack or a stroke as a cause of the fall. Dr. Runnels testified that the fact that there were no visible marks or bruises on Mr. Pulcher was of no significance; that a scalp can be cut to pieces and have no brain injury, and that the converse is also true. Dr. Runnels, of course, could not say what caused the fall or that the fall was job-related.

Appellant had the burden before the Commission of establishing affirmatively by a preponderance of the evidence that her husband sustained an accidental injury arising out of and during the course of his employment. The testimony of Dr. Runnels that Mr. Pulcher's death was caused by trauma is convincing, but there is no other evidence of a fall or a blow to the head, and there is a total absence of evidence that Mr. Pulcher's injury was job-related.

The decision of the Workers' Compensation Commission is affirmed.

CORBIN and COOPER, JJ., dissent.